**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0204-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RONNIE WATKINS,

    Defendant-Appellant.

_____

> Submitted November 6, 2024 – Decided November 18, 2024
>
> Before Judges Gooden Brown and Chase.
>
> On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 20-01-0049.
>
> Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Jeffrey L. Weinstein, Designated Counsel, on the brief).
>
> LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ronnie Watkins appeals from a June 20, 2023 denial of his petition for post-conviction relief ("PCR"). The PCR court denied the petition without a hearing, finding defendant failed to meet his burden that plea counsel was ineffective in failing to apply him to Recovery Court and at sentencing. We affirm substantially for the reasons set forth by Judge Mark Tarantino in his well-reasoned written opinion.

I.

After selling heroin, cocaine, and fentanyl to undercover officers on two occasions, defendant was indicted by a grand jury. Counts One, Three, Five, Seven, and Nine charged defendant with third-degree Possession of a Controlled Dangerous Substance, N.J.S.A. 2C:35-10a(1). Counts Two, Four, Six, Eight, and Ten charged defendant with third-degree Possession of a Controlled Dangerous Substance with Intent to Distribute, N.J.S.A. 2C:35-5a(1) and 2C:35-5b(3).

In exchange for defendant's guilty plea to one count of third-degree Possession of a Controlled Dangerous Substance with Intent to Distribute, the State agreed to recommend a sentence of four years in New Jersey State Prison with a sixteen-month parole disqualifier period. The State also agreed to dismiss the remaining charges at sentencing.

The plea hearing began with the terms of the agreement being placed on the record by counsel for the State and defendant. After being placed under oath, defendant admitted that he was in possession of less than one-half ounce of heroin and possessed the heroin with the intent to distribute it.

Defendant testified that he was twenty-seven years old and had graduated from high school and that he understood the rights that he was waiving. He stated he did not have any physical or mental condition that would prevent him from understanding the terms of the plea agreement. Further, he confirmed he was not under the influence of any drugs or alcohol and had not been threatened, coerced, or promised anything to encourage him to plead guilty.

When questioned, defendant stated that he understood the nature of the charges against him and the charge to which he was entering a guilty plea. He said he understood his sentencing exposure, including financial obligations. Defendant stated that he had enough time to review the discovery with his attorney and they discussed the case "ad nauseum."

Defendant informed the court that he had initially wanted to file a motion to suppress but opted against it. He also confirmed he wanted a more favorable plea offer but accepted the current offer from the State. Defendant informed the court that his attorney had agreed to return a portion of defendant's money to

3

him but stated that his guilty plea was not induced by the promise of a refund. At no time during the plea did defendant ask about, refer to, or mention Recovery Court.

Defendant appeared before the court on January 28, 2022, for sentencing. Counsel informed the court that defendant had two open matters in Camden County.[1] Defendant contended that he was being considered for Recovery Court for those matters. The presentence report reflected that defendant was screened for mandatory Recovery Court in Burlington County but was deemed ineligible. The court noted that the sentence was fashioned in accordance with the Brimage Guidelines[2] and asked defendant if he wanted to allocate before sentencing. Defendant declined to speak.

The court found aggravating factor three, the risk defendant would commit another offense, based on defendant's criminal history. It noted defendant had six indictable convictions, three violations of probation, twelve juvenile adjudications, and five disorderly persons offenses. It found aggravating factor six based on the extent of defendant's criminal history and the seriousness of

---

[1] Defendant also had a pending case in Gloucester County for which he was sentenced to a period of incarceration.

[2] State v. Brimage, 153 N.J. 1 (1998).

A-0204-23

defendant's prior convictions. Finally, the court held there was a need to deter defendant and found aggravating factor nine. The court did not find any mitigating factors. In accordance with the plea agreement, defendant was sentenced to four years in state prison, with sixteen months to be served without the possibility of parole and all applicable fines and penalties. Defendant was given 109 days of jail credit. The sentencing court informed defendant of his right to appeal, including the time frame in which he had to file; defendant acknowledged these rights.

Defendant did not appeal his conviction or sentence and instead filed a motion to withdraw his guilty plea and then withdrew the motion a month later. He then filed a PCR. In his PCR, he argued he was denied effective assistance of counsel because (1) counsel advised defendant he would get Recovery Court if he pled guilty; (2) at sentencing, counsel failed to address Recovery Court; (3) counsel failed to appeal his sentence; and (4) counsel made cumulative errors.

After hearing the arguments of PCR counsel, Judge Tarantino issued a written opinion denying the motion on June 20, 2023. The judge held that defendant failed to meet the threshold needed to establish ineffective assistance of counsel. He held that defendant did not support his contention that he would

5

get into Recovery Court with any credible evidence from the record. Additionally, he determined defendant's Camden County matters would have prevented defendant from receiving a Recovery Court sentence. Turning to the remaining claims, the judge held defendant failed to establish a prima facie basis for an evidentiary hearing and failed to meet either prong of the Strickland[3] standard. Therefore, he denied the motion without an evidentiary hearing.

Defendant now appeals the denial of his PCR arguing:

> POINT I
>
> THE FAILURE OF DEFENSE COUNSEL TO FOLLOW THROUGH ON A DRUG COURT APPLICATION IN THE FACE OF DEFENDANT'S CRIMINAL HISTORY THAT POINTED TO A SUBSTANCE ABUSE PROBLEM AND TO ADVOCATE FOR A LOWER SENTENCE ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL THAT WARRANTED THE GRANT OF AN EVIDENTIARY HEARING.
>
> > A. Petitioner's Criminal History Shows a Pattern of Crimes Consistent With A Substance Abuse Problem, Thereby Presenting a Prima Facie Claim of Ineffective Assistance of Counsel for Failing to Pursue a Drug Court Application Entitling Petitioner to an Evidentiary Hearing.

---

[3] Strickland v. Washington, 466 U.S. 668 (1984).

6

B. The PCR Court Erroneously Found That Petitioner Was Precluded From Admission Into Drug Court By Applying Track I Prohibitions Even Though Petitioner Could Have Been Admitted Under Track II.

POINT II

PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AT PLEA AND SENTENCING WHEN COUNSEL FAILED TO ARGUE AGAINST A DISCRETIONARY PERIOD OF PAROLE INELIGIBILITY AND FAILED TO ARGUE ANY MITIGATING FACTORS THAT COULD HAVE WEIGHED AGAINST THE IMPOSITION OF SUCH A SENTENCE IN LIGHT OF THE STATE'S BURDEN TO SHOW THAT THE AGGRAVATING FACTORS SUBSTANTIALLY OUTWEIGHED THE MITIGATING.

POINT III

PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO ADVISE PETITIONER OF THE RIGHT TO APPEAL HIS SENTENCE; THE PCR COURT SHOULD HAVE GRANTED AN EVIDENTIARY HEARING DUE TO THE LIMITED RECORD AT SENTENCING REGARDING PETITIONER'S UNDERSTANDING OF HIS APPELLATE RIGHTS.

POINT IV

THE CUMULATIVE EFFECT OF ERRORS DENIED PETITIONER A FAIR OUTCOME.

II.

7

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus."  State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)).  PCR provides a "built-in 'safeguard that ensures that a defendant was not unjustly convicted.'"  State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).  The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee a defendant in a criminal proceeding "'the right to the effective assistance of counsel.'"  Nash, 212 N.J. at 541. (quoting Strickland, 466 U.S. at 686).  Our review is deferential to a PCR court's factual findings supported by sufficient credible evidence.  State v. Gideon, 244 N.J. 538, 551 (2021) (citing Nash, 212 N.J. at 540).  Review of a PCR court's interpretation of law is de novo.  Nash, 212 N.J. at 540-41.

Ineffective assistance of counsel claims must satisfy the two-prong test set forth in Strickland, 466 U.S. at 687, and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 57-58 (1987).  To satisfy the first prong, the defendant must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

A-0204-23

Strickland, 466 U.S. at 687-88.  To satisfy the second prong, "'[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  State v. Gideon, 244 N.J. 538, 550-51 (2021) (alteration in original) (quoting Strickland, 466 U.S. at 694).  "Prejudice is not to be presumed."  Id. at 551 (citing Fritz, 105 N.J. at 52).  "The defendant must 'affirmatively prove prejudice.'"  Ibid. (quoting Strickland, 466 U.S. at 693).

When a guilty plea is involved, a defendant must show "'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'"  State v. Nuñez Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).  "In other words, 'a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'"  State v. Aburoumi, 464 N.J. Super. 326, 339 (App. Div. 2020) (quoting State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014)).  "The petitioner must ultimately establish the right to PCR by a preponderance of the evidence."  O'Donnell, 435 N.J. Super. at 370.

This is because there is a strong presumption counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Therefore, counsel's errors "even if professionally unreasonable" will not require setting aside a judgment if they had no effect on the judgment. Id. at 691. Prejudice is not presumed, Fritz, 105 N.J. at 52, and a defendant must demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

A defendant is entitled to an evidentiary hearing if they present a prima facie case supporting PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds an evidentiary hearing is required to resolve the claims presented. R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)); see also State v. Marshall, 148 N.J. 89, 158 (1997). When a PCR court does not hold an evidentiary hearing, our review is de novo. State v. Harris, 181 N.J. 391, 421 (2004). If a prima facie case is made, a hearing must be held; the court should not presume the outcome of the hearing. State v. Russo, 333 N.J. Super. 119, 140 (App. Div. 2000). On appeal, the court analyzes a PCR judge's decision to

deny a hearing on an abuse of discretion standard. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

"A petitioner is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal, R[ule] 3:22-4(a), or that has been previously litigated, R[ule] 3:22-5." Nash, 212 N.J. at 546.

Pursuant to these principles and having conducted a de novo review of the record, we affirm substantially for the reasons expressed in Judge Tarantino's thorough and well-written opinion. We add the following comments.

III.

There is nothing in the record to suggest that trial counsel materially misrepresented the terms of the plea to defendant or promised Recovery Court in exchange for his guilty plea. The record clearly states the terms of the plea agreement, and the plea court was very detailed in having defendant confirm that there were no other promises that induced him to plead guilty.

Even if defendant could have met the threshold for prong one of the Strickland test, which would require more evidence than defendant's bare assertions, defendant would have failed when it came to the second prong. Defendant could not show that he was prejudiced by defense counsel's actions because defendant would not have received a Recovery Court sentence. He was

ineligible in Camden County. Moreover, his State Prison sentence out of Gloucester County renders his claims moot.

Additionally, defendant's sentence is not the appropriate subject for a PCR. While the court may review illegal sentences, sentencing arguments are "not [ ] appropriate ground[s] for post -conviction relief." State v. Acevedo, 205 N.J. 40, 46 (2011) (internal citations omitted).

> To permit post-conviction review of the adequacy of the sentencing judge's findings and conclusions would open the gates to an avalanche of grievances, often long after the sentence was imposed. In light of the availability of relief by way of direct appeal, we perceive no need to make post-conviction relief an open sesame for the wholesale review of sentences.
>
> [State v. Flores, 228 N.J. Super. 586, 595-96 (App. Div. 1988).]

Although defendant couches his sentencing argument in terms of ineffective assistance of counsel, the argument is an attempt to circumvent the procedural bars that prohibit the review of sentences on PCR. If defendant wished to challenge his sentence, he could have and should have challenged it by direct appeal.

On appeal, defendant argues for the applicability of mitigating factors that were not presented to the PCR court. As these arguments were not presented to the PCR court, they are not properly before us. See Nieder v. Royal Indem. Ins.

12

Co., 62 N.J. 229, 234 (1973) (stating "[A]ppellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." (internal quotation marks omitted)). To the extent that defendant argues that a finding of mitigating factor fourteen would have tipped the scales towards a probationary sentence, that argument is without a basis in the record created at the trial and PCR court. As with his PCR arguments, however, the arguments are rooted in supposition rather than articulable facts upon which the trial court reasonably rely. As Judge Tarantino stated, "defendant himself does not convincingly suggest that any other mitigating factors would have applied in his case. He only speculates about some mitigating evidence an attorney could have presented at sentencing."

To the extent we have not addressed an argument raised on this appeal, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0204-23